## DOCTRINE OF LAST CHANCE NOT APPLICABLE.

### Circuit Court of Hamilton County.

### THE CINCINNATI TRACTION CO. v. WILLIAM D. JONES.

Decided, July 23, 1910.

*Negligence—Duty of One Driving Along Street Railway Tracks—Weight of Evidence—Doctrine of "Last Chance."*

Where the evidence discloses that the driver of a wagon, following a street railway track in the opposite direction from which the cars run, turned onto the parallel track in order to avoid a car coming toward him, and in so doing turned directly in front of a car coming up behind him on the parallel track, and was struck by said car and injured, the doctrine of "last chance" is not applicable.

*Geo. P. Stimson,* for plaintiff in error.
*John E. Fitzpatrick,* contra.

The defendant in error recovered a judgment below for $500 as damages on account of the striking of a wagon, which he was driving on Eastern avenue, by a car which came up from behind.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

In the above case the court is of the opinion that the motion of plaintiff in error to arrest the case from the jury and direct a verdict in its favor should have been granted. The greater weight of the evidence discloses that defendant in error was driving his wagon west upon the east-bound track, and as the car which struck him was approaching on the west-bound track sounding its gong, he turned diagonally from the east to the west-bound track at so short a distance in front of this car that it was impossible for the motorman to have avoided a collision.

There is no dispute as to where he was driving, and we do not think the doctrine of the "last chance" applies under the evidence in this case, for if there was negligence on his part and that of the motorman, it would seem under the evidence that the same was concurrent, and if so, then the defendant in error was not entitled to recover. He was bound to look and listen before crossing the tracks of the defendant company and manage his horse and vehicle prudently under all the circumstances, considering especially that he was just previous to the accident on the track adjoining the one upon which he was hit by the car going in the same direction as himself.

In this view of the case it is unnecessary to consider other errors alleged to have been committed at the trial, as we think plaintiff in error upon all the evidence was entitled to a verdict and judgment.

The judgment of the court below will be reversed and a judgment for plaintiff in error may be entered in this court.